**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

CAROL MORSE,
BECKY NELLOS, and
SANDY MOROWITZ,
o/b/o themselves, and others similarly situated,

                                          Plaintiffs,

         v.                                                 5:17-CV-235
                                                             (BKS/ATB)

ALPINE ACCESS, INC., and
SYKES ENTERPRISES, INC.,

                                          Defendants.

---

JASON T. BROWN, ESQ., *et al.*, for Plaintiffs
ANDREW J. VOSS, ESQ., *et al.*, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

**REPORT-RECOMMENDATION**

Presently before the court is defendants' motion to dismiss the claims of named plaintiff Sandy Morowitz ("Morowitz") pursuant to Fed. R. Civ. P. 41(b), because of her failure to respond to defendants' requests for written discovery and her repeated failure to appear for her scheduled deposition. (Dkt. No. 46). Plaintiff's counsel has not opposed this motion. Indeed, correspondence filed by defendants in support of this motion shows that Morowitz, through her counsel, has expressed her preference to "withdraw" from this litigation. (Dkt. No. 46-9, at 1). For the reasons discussed below, this court will recommend (1) dismissal, with prejudice, of the claims of plaintiff Morowitz under the Fair Labor Standards Act ("FLSA") and (2) dismissal of her

claims, as a named plaintiff, under the New York Labor Law ("NYLL") or other state law[1] without prejudice to her future participation, to the extent the court deems appropriate, as a class member on those state law claims if the Rule 23 class action becomes certified.

## I.     Relevant Procedural History[2]

Morowitz is one of three named plaintiffs to this proceeding. (Compl. at 1). In addition, approximately fourteen other individuals have filed "Plaintiff Consent Forms" to join this litigation, pursuant to 29 U.S.C. § 216(b). (Dkt. No. 44, at 3). On June 19, 2017, this court denied plaintiff's motion for conditional certification under the FLSA, in order to allow a "relatively brief period of limited discovery, focused on certification issues," so that defendants had a reasonable opportunity to test plaintiffs' allegations. (Dkt. No. 44, at 15-16). I ordered that this Phase I discovery period must be completed by October 16, 2017, and plaintiffs were granted an opportunity to file a renewed motion for conditional certification of collective action under the FLSA by November 17, 2017. (Dkt. No. 45).

On June 29, 2017, the parties agreed that defendants would take the depositions

---

[1] Plaintiffs brought state law actions on behalf of putative classes governed by the NYLL and Illinois Minimum Wage Law, but reserved the right to add additional state classes should they become known after the filing of the complaint. (Dkt No. 1, Compl.,at 20, 28-33).  In a declaration filed on March 17, 2017 in support of plaintiffs' motion for conditional class certification, Morowitz stated that she worked for defendants while located in Statesboro, Georgia and Boynton Beach, Florida. (Dkt. No. 16-5, ¶ 4).

[2] My June 19, 2017 Memorandum-Decision and Order, denying plaintiff's motion for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA") without prejudice to renewal, sets forth the general factual and procedural history of this case. (Dkt. No. 44 at 1-6).

2

of the named plaintiffs and up to five additional opt-in plaintiffs. (Dkt. No. 46-2, Voss Decl. ¶ 8).  On July 11, 2017, defendants served an Amended Notice of Videotaped Deposition of Plaintiff Sandy Morowitz, to occur on July 26, 2017. (Dkt. No. 46-2, Voss Decl. ¶ 8; Dkt. No. 46-7, at 1).  On July 12, 2016, plaintiffs' counsel advised via email that "Currently we are not expecting Ms. Morowitz to appear for a deposition on 7/26.  We hope to provide you with alternative dates for her in the near future." (Dkt. No. 46-8, at 2).  On July 25, 2017, plaintiffs' counsel advised defense counsel that "Sandy Morowitz will not appear for a deposition tomorrow and intends to withdraw from the litigation." (Dkt. No. 46-9, at 1).  To date, Morowitz has not responded to any of defendants' written discovery requests. (Voss Decl. ¶ 12).

On August 3, 2017, defendants filed a motion to dismiss Morowitz from this litigation pursuant to Fed. R. Civ. P. 41(b).  On August 15, 2017, this court granted the parties' request to extend the time to complete Phase I discovery until November 15, 2017, and to extend the deadline for plaintiff's renewed motion for conditional certification of an FLSA collective action until December 18, 2017. (Dkt. No. 48).  On August 29, 2017, this court approved the parties' proposed stipulation establishing protocol to address future discovery disputes in this litigation. (Dkt. No. 52).[3]

## II.  **Applicable Law**

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a

---

[3] The parties also filed a separate proposed stipulation for court approval that would have dismissed Morowitz's claims. (Dkt. No. 49).  In light of this report-recommendation, that request for approval is moot.

defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissals pursuant to Rule 41 are also within the discretion of the court in extreme situations. *See Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994). In considering whether dismissal is proper, courts consider the following factors:  (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir.1999). "'Generally, no one factor is dispositive.'" *Id.* (citation omitted).

### III.  Analysis

Based on an analysis of the factors applicable to sanctions under Rule 41(b), this court recommends that unresponsive plaintiff Morowitz be dismissed from this action. Defendants first served a deposition notice and requests for written discovery on Morowitz on May 5, 2017. (Voss Decl. ¶ 2). On June 29, 2017, this court ordered a "brief" period of discovery, that included depositions and written discovery. (Dkt. No. 44). Defendants served an amended deposition notice on July 11, 2017. (Dkt. No. 46-7, at 1). To date, Morowitz has ignored the discovery order and defendants' requests, prompting an extension. (Dkt. No. 48). In my June 19, 2017 Memorandum-Decision and Order, I warned plaintiffs that this limited period of discovery was also necessary so that plaintiffs could "marshal additional and supportive evidence" to meet their

burden to justify conditional class certification under the FLSA. (Dkt. No. 44 at 8). Therefore, Morowitz's continuing failure to fulfill her obligations in this action has prejudiced not only the defendants in their ability to mount a timely and cost-effective defense, but also the other plaintiffs in this action.

Morowitz, who has apparently expressed a desire to "withdraw" from this litigation, has not shown any interest in meeting her obligations as a named plaintiff going forward. Given the open-ended nature of her recalcitrance and the likelihood of future delays if Morowitz remains a named plaintiff, this court concludes that no sanction short of dismissal would be adequate. *See, e.g.*, *Hamelin v. Faxton St. Luke's Healthcare*, 5:08–CV–1219 (DNH/DEP), 2010 WL 3430406, at *4 (N.D.N.Y. July 19, 2010) (Rep't-Rec.) ("The opt-in plaintiffs' refusals to provide standard discovery has caused delay, required court intervention, increased defendants' costs, and prejudiced them in their ability to defend against the plaintiffs' claims. Having ignored not only the warnings but orders of this court, the non-complying opt-in plaintiffs have left the court with no alternative but to recommend dismissal of their FLSA claims."), *adopted*, 2010 WL 3433987 (Aug. 27, 2010); *Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 165 (W.D.N.Y. 2007) (dismissing FLSA and NYLL claims of two plaintiffs who failed or refused to attend or complete their depositions, respond to defendant's interrogatories, or to otherwise comply with the Court's orders concerning discovery); *Savage v. Unite Here*, No. 05 CIV 10812 (LTS)(DCF), 2007 WL 1584206, at *1 (S.D.N.Y. May 31, 2007) (it does not appear that lesser sanctions would be adequate in this case, as the opt-in plaintiff's history of ignoring court orders and deadlines and refusing to even

5

communicate with their own counsel make it unlikely that another warning would be fruitful).

Morowitz has not offered any justification for her lack of response.  As other courts have recognized, employees are often reluctant to act affirmatively as a plaintiff in an action against their employer.  *Enriquez v. Cherry Hill Market Corp.*, No. CV 2010-5616, 2012 WL 6641650, at *3 (E.D.N.Y. Oct. 22, 2012) (Rep't-Rec.), *adopted*, 2012 WL 6626008 (E.D.N.Y. Dec. 20, 2012) (collecting cases).  Specifically addressing this issue with opt-in plaintiffs, those courts have deemed that "[i]t would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action for the same reason that these plaintiffs have failed to participate."  *Enriquez*, 2012 WL 6641650, at *3 (the unresponsive opt-in plaintiffs should not be precluded from participating in a potential class action under state law because there is no requirement that a class member in a NYLL action opt-in to an FLSA collective action).  Although Morowitz is not an opt-in plaintiff, this court concludes that the same rationale applies.

Accordingly, this court recommends that Morowitz be dismissed as a named plaintiff on the state law claims, without prejudice to her future participation, to the extent the court deems appropriate, as a class member on state law claims if the Rule 23 class actions are certified.  *See, e.g., Hamelin v. Faxton St. Luke's Healthcare*, 2010 WL 3430406, at *5 (recommending  the dismissal of the unresponsive opt-in plaintiffs "subject to their right, should class certification be granted, to participate as class

members in the action if deemed appropriate by the court").[4]

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, that the defendants' motion to dismiss all claims of plaintiff Sandy Morowitz (Dkt. No. 46) be **GRANTED**, as explained above, and it is further

**RECOMMENDED**, that the claims of plaintiff Sandy Morowitz under the Fair Labor Standards Act be **DISMISSED WITH PREJUDICE**, and it is further

**RECOMMENDED**, that claims of Sandy Morowitz as a named plaintiff under the New York Labor Law or other state law be **DISMISSED WITHOUT PREJUDICE** to her future participation, to the extent the court deems appropriate, as an absent class member on those state law claims, if the Rule 23 class action becomes certified.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

---

[4] This approach is also consistent with the stipulation approved by the court on August 29, 2017, which provided that plaintiffs who fail to meet their discovery obligations going forward in this proceeding are subject to dismissal of their FLSA claims with prejudice, but that such dismissal "shall have no preclusive effect on any dismissed Plaintiff's right to bring claims under the wage-and-hour laws of any state, and/or to participate in a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure." (Dkt. No. 52 ¶ 4).

FED. R. CIV. P. 6(a), 6(e), 72.

Dated: September 26, 2017

*[signature]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge