UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL MORSE, and other similarly-situated individuals, | Index No. 5:17-CV-235[BKS/ATB] |
| Plaintiffs, | **JOINT STIPULATION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF CLAIMS, AND ENTRY OF JUDGMENT** |
| -against- | |
| ALPINE ACCESS, INC., and SYKES ENTERPRISES, INC., Jointly and Severally as, | |
| Defendants. | |

This Joint Stipulation for Approval of Settlement, Dismissal of Claims, and Entry of Judgment ("the Stipulation") is made and entered into between named plaintiff Carol Morse ("the Named Plaintiff"), and the opt-in plaintiffs identified in **Exhibit A** attached hereto (collectively, "the Opt-in Plaintiffs"), by and through their attorneys, Sommers Schwartz, P.C., and JTB Law Group, LLC ("Plaintiffs' Counsel") on the one hand, and defendants Sykes Enterprises, Incorporated, and Alpine Access, Inc., and their respective current and former subsidiaries and affiliates, as well as each of its/their current and former officers, directors, agents, employees, attorneys, successors and assigns (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C. ("Defense Counsel"), on the other hand.

**I.   STIPULATED RECITALS.**

A. On February 28, 2017, Named Plaintiff Carol Morse filed her Complaint Class Action/Collective Action in the above-captioned action ("the Lawsuit"), alleging

that Defendants violated the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"); the overtime, minimum wage and record-keeping provisions of the New York Labor Law and its ancillary regulations ("NYLL"); the overtime and minimum wage provisions of the Illinois Minimum Wage Law and its ancillary regulations ("IMWL"); and breach of contract.  ECF No. 1.  Named Plaintiff Morse, along with Sandy Morowitz and Becky Nellos, on behalf of themselves and other similarly situated individuals, and on behalf of proposed New York, Illinois and nationwide Rule 23 classes, alleged, among other things, that she and other "at-home Customer Service Representatives" or employees with similar job titles were not paid for "off-the-clock" work performed during preliminary "boot-up" time, for time spent addressing technical issues ("tech time") and postliminary "call completion" time, which resulted in unpaid hours of work in excess of forty (40) hours per week.  *Id*.

   B. On November 8, 2017, Sandy Morowitz was dismissed from the matter with prejudice.  ECF No. 62.

   C. On January 3, 2018, Becky Nellos was dismissed from the matter with prejudice.  ECF No. 70.

   D. On January 26, 2018, Magistrate Judge Baxter so-ordered the parties' Stipulated Order conditionally certifying a collective action pursuant to 29 U.S.C. § 216(b).  ECF No. 74.  Pursuant to the Conditional Certification Order, notice was sent via e-mail and regular mail to all current and former at-home customer representatives employed by Defendants who used Sparc Softphone to record their time and reported and

were paid for at least 39 hours in any workweek within the three years and 58 days prior to the Court's Conditional Certification Order.

  E. Prior to, during and following the notice period established by the Court, 477 individuals filed Consents to Sue Pursuant to 29 U.S.C. § 216(b). *See, e.g.*, ECF Nos. 98, 99, 100, 101, 102. Certain individuals were dismissed with prejudice for failure to engage in discovery. *See, e.g.*, ECF No. 67. As of the date of the filing of this Stipulation, 473 individuals remain as "party plaintiffs" in the Lawsuit, pursuant to 29 U.S.C. § 216(b), including the Named Plaintiff.

  F. Following the notice period established by the Court, the parties exchanged a significant amount of information regarding Defendants' timekeeping and payroll practices, as well as payroll and employment data regarding a substantial percentage of those individuals who had filed consent to join the Lawsuit. Plaintiffs' Counsel also investigated the claims of various members of the collective class and conducted interviews with class members.

  G. The parties, through Plaintiffs' Counsel and Defense Counsel, are familiar with the facts of the Lawsuit and the legal issues raised by the pleadings and the Defendants' anticipated defenses. The parties have engaged in extended and substantive negotiations directed towards investigating the claims at issue, and Defendants' various defenses, directed at possible settlement of the Lawsuit since October 2017. The terms and conditions of settlement reflected in this Stipulation are a product of these negotiations, which were conducted at arm's length.

H.    Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit.  Defendants contend that they have at all times complied with the FLSA and state law.  Nevertheless, Defendants have entered into this Stipulation to avoid the cost and inconvenience of further litigation in consideration of the size and scope of the conditionally certified collective class.

I.    The Named Plaintiff and the Opt-in Plaintiffs, as defined below, have entered into this Stipulation because the settlement set forth herein reflects a reasonable compromise of the disputed issues in the Lawsuit, chiefly, if and to what extent the Named Plaintiff and the Opt-in Plaintiffs are owed unpaid overtime and regular wages.  The Named Plaintiff and the Opt-in Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.  The Named Plaintiff, the Opt-in Plaintiffs, Defendants, and their respective counsel stipulate and agree that the terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best interest of the Named Plaintiff and the Opt-in Plaintiffs.

J.    Nothing in this Stipulation shall be construed or deemed to be an admission of liability or wrongdoing on the part of Defendants.  Pursuant to Rule 408 of the Federal Rules of Evidence, this Stipulation shall not be admissible in evidence in any proceeding; provided, however, that the Stipulation may be filed and used in this Lawsuit or any related litigation as necessary to approve, interpret, or enforce this Stipulation, or in any subsequent action against or by Defendants to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion, issue preclusion, or similar defense, claim, or counterclaim.

## II.    DISMISSAL OF THE LAWSUIT WITH PREJUDICE.

Pursuant to the terms and conditions of this Stipulation, the Named Plaintiff and the Opt-in Plaintiffs (hereinafter collectively referred to as "the Settling Plaintiffs") agree that their claims alleged in the Lawsuit may and should be dismissed by the Court **WITH PREJUDICE.** Except as otherwise provided in this Stipulation, all parties will be responsible for their own costs and attorneys' fees.

## III.    SETTLEMENT CONSIDERATION.

In exchange for: (1) dismissal of the Lawsuit as described in Section II of this Stipulation; (2) the Settling Plaintiffs' release of claims set forth herein and in the Settlement and Release to be delivered to each Settling Plaintiff; and (3) the representations and stipulations of the Settling Plaintiffs and Plaintiffs' Counsel as set forth in this Stipulation, Defendants agree to pay a Gross Settlement Amount, to be allocated among the Settling Plaintiffs as set forth in the Settlement Payment Schedule attached to this Stipulation as **Exhibit A**, in order to resolve all Settled Claims, as defined in Section V of this Stipulation. The Gross Settlement Amount is inclusive of the Settling Plaintiffs' attorneys' fees and costs, and the costs of administering the Settlement. The parties have jointly agreed that Defendants will print the settlement checks and Plaintiffs' Counsel will facilitate the delivery of the settlement checks and other Settlement and Release documents to the Settling Plaintiffs in accordance with this Stipulation.

    A.    The parties agree that the Gross Settlement Amount shall be allocated as follows:

1. Each Settling Plaintiff's allocated *pro rata* share of the Gross Settlement Amount is based upon the number of workweeks that he or she worked for Defendants as an at-home Customer Service Representative and reported and was paid for at least 39 hours in any workweek, three (3) years prior to the date that he or she filed a consent form in the Lawsuit.

2. One-half of each Settling Plaintiff's allocated share of the Gross Settlement Amount shall constitute W-2 wages ("the W-2 Wages Portion"). Defendants shall deduct all applicable withholding taxes and other amounts required by law from the W-2 Wages Portion, and Defendants will issue a Form W-2 reflecting individual payment of the W-2 Wages Portion to each Settling Plaintiff.

3. One-half of each Settling Plaintiff's allocated share of the Gross Settlement Amount shall constitute Form 1099 income representing liquidated damages ("the Liquidated Damages Portion"), and Defendants shall issue a Form 1099 reflecting individual payment of the Liquidated Damages Portion to each Settling Plaintiff.

4. Plaintiffs' Counsel shall be allocated an amount set forth in **Exhibit A** for the Settling Plaintiffs' legal fees and costs as Form 1099 income ("the Settling Plaintiffs' Legal Costs and Fees"). Defendants shall issue Form 1099 tax forms to Plaintiffs' Counsel, Sommers Schwartz, P.C. (tax identification number 38-2004268), and JTB

        Law Group, LLC (tax identification number 46-1808717), reflecting this payment.

    5.    In return for services rendered to the Settling Plaintiffs, Named Plaintiff Carol Morse shall be allocated a Service Award in the amount of $2,000 from the Gross Settlement Amount. Defendants shall issue a Form 1099 to Named Plaintiff Morse reflecting this payment.

B.    The Settling Plaintiffs shall be solely responsible for payment of any and all federal, state, and local taxes due on the amounts payable under this Stipulation, with the exception of Defendants' statutory obligation under FUTA/FICA, and the Settling Plaintiffs will hold Defendants harmless from and against any and all costs, interest, liability, or penalties relating to such taxes or penalties. Neither the Settling Plaintiffs nor Plaintiffs' Counsel will be eligible for or claim entitlement to any further payment, including payment of attorneys' fees, except as otherwise provided for in this Stipulation. Plaintiffs' Counsel agrees to provide to Defendants' Counsel the Settling Plaintiffs' last known mailing address in order to facilitate delivery of appropriate tax-related notices.

C.    Within sixty (60) days following the Entry of Judgment of Dismissal based on this Stipulation, assuming no appeal of the judgment has been filed, Defendants shall make payment of the Gross Settlement Amount, in accordance with the provisions of Section III.A. of this Stipulation, by delivering settlement checks to Plaintiffs' Counsel, who shall issue to Settling Plaintiffs a Settlement and Release similar in form to **Exhibit B** attached hereto, and a settlement check to each Settling Plaintiff. Defendants shall also

deliver to Plaintiffs' Counsel, on the same day, a single check representing the Settling Plaintiffs' Legal Costs and Fees to Plaintiffs' Counsel.

D. Each Settling Plaintiff will have ninety (90) days from the date the settlement checks are issued to negotiate them. Plaintiffs' Counsel will endeavor to locate any Settling Plaintiff whose check is returned and promptly cause his or her checks to be delivered to him or her. Plaintiffs' Counsel will be free to contact any Settling Plaintiff whose checks was not negotiated and urge him or her to promptly negotiate his or her check. After ninety (90) days, Defendants may stop payments on any checks issued to the Settling Plaintiffs that have not been negotiated, and Plaintiffs' Counsel will provide Defendants' Counsel with a list of checks that have not been negotiated. Settlement checks not cashed within ninety (90) days of mailing will be void and the amounts allocated to those Settling Plaintiffs shall revert to Defendants.

**IV.    DISMISSAL OF NON-PARTICIPATING OPT-IN PLAINTIFFS**

During the course of their investigation of the claims alleged in the Lawsuit, and based upon the documentation and other information exchanged between the parties, the parties have determined that certain Opt-in Plaintiffs ("Non-Participating Opt-in Plaintiffs") have no cognizable claims, in consideration of their work location and/or the number of hours they worked during their employment with Defendants. A list of Non-Participating Opt-in Plaintiffs is attached to this Stipulation as **Exhibit C**. The parties stipulate and agree that the claims of the Non-Participating Opt-in Plaintiffs shall be dismissed without prejudice.

## V. WAIVER AND RELEASE OF CLAIMS; COVENANT NOT TO SUE

As a material inducement to Defendants to enter into this Stipulation, and in consideration of Defendants' promise to make the payments set forth in Section III of this Stipulation, each Settling Plaintiff hereby releases all claims asserted in the Lawsuit, including all claims arising under the FLSA, 29 U.S.C. §§ 201 *et seq.*; the IMWL, §§ 820 ULCS 501/1, *et seq.*, and its ancillary regulations; and the NYLL, *et seq.*, and its ancillary regulations; as well as all claims arising out of any other state wage, minimum wage or overtime laws; breach of contract or quasi-contract; and all derivative claims relating to unpaid wages, spread of hours premium, wage notice violations, minimum wage and overtime, including all claims for liquidated, punitive, or penalty damages, interest, and attorneys' fees and costs ("the Settled Claims"). Pursuant to this Stipulation and their release of the Settled Claims, the Settling Plaintiffs covenant and agree not to sue or bring any legal action, whether in federal court, state court, an administrative agency, or arbitration, now or at any future time, against Defendants with respect to any Settled Claims.

ACCORDINGLY, based upon the recitals, stipulations, and agreements contained within this Stipulation, the parties, Defendants, the Named Plaintiffs, and the Opt-in Plaintiffs, jointly request that the Court enter an Order:

1. APPROVING the terms of the parties' Settlement as a fair and reasonable resolution of a *bona fide* dispute regarding unpaid wages under the FLSA and the state laws;

2. DISMISSING the claims asserted by the Settling Plaintiffs in the Collective

and Class Action Complaint with Jury Demand WITH PREJUDICE;

3. DISMISSING the claims asserted by the Non-Participating Opt-in Plaintiffs in the Collective and Class Action Complaint with Jury Demand WITHOUT PREJUDICE; and

4. ORDERING the ENTRY OF JUDGMENT.

Date: October 1, 2018

*s/ Jason T. Brown*
Jason T. Brown
Nicholas R. Conlon
JTB LAW GROUP, LLC
155 2nd Street
Suite 4
Jersey City, New Jersey 07302
Telephone: (877) 561-0000
Jtb@jtblawgroup.com
Nicholasconlon@jtblawgroup.com

Kevin J. Stoops
Charles R. Ash, IV
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
kstoops@sommerspc.com
crash@sommerspc.com

**ATTORNEYS FOR PLAINTIFFS**

*s/ Andrew J. Voss*
Andrew J. Voss
Paul R. Piccigallo
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: (612) 630-1000
avoss@littler.com
ppiccigallo@littler.com

**ATTORNEYS FOR DEFENDANTS**